November 9, 1908.

————o————

No. 4522.

(Court of Appeal, Parish of Orleans.)

FRANK BRINKER VS. PETER RANDO.

1. A marked distinction exists between the acts of a debtor which have the effect of interrupting prescription while it is running, and acts of a debtor having for an object to take a debt out of prescription after it has been acquired.

2. For the former purpose, parol proof is admissible; for the latter it is not.

Appeal from Civil District Court, Division "B."

Pierson, Walton & Pierson, for Plaintiff and Appellant.

Stafford & Lambert, for Defendant and Appellee.

—19—

Dinkelspiel, Hart & Davey, for Sheriff.

DUFOUR, J. In 1895, Rando mortgaged to Brinker real estate to secure a loan of $1,600 represented by four notes of $400 each, and it was stipulated in the act that "at the maturity of the notes, should the mortgagor be unable to pay the same, he shall have the right to extend the same, or as much as is due on same, by paying the interest for one year."

In 1908 Brinker sued out executory process and Rando enjoined the seizure and sale on the ground that the note and mortgage were prescribed on their face.

At the trial plaintiff offered to prove by parol payment of interest yearly and an acknowledgment of liability by Rando, so as to show an interruption of prescription.

Upon objection being made, the Court ruled "that the only way in which an interruption of prescription can be shown is by written evidence."

This is error.

In Utz vs. Utz, 34 An. 753, verbal proof of acknowledgement and partial payment was deemed sufficient to "operate a valid legal and binding interruption of prescription."

The foregoing case is approvingly cited in Block vs. Papania, Papania, 46 S. R. 694, in which the Supreme Court said.

"There is no prohibition of parol evidence to prove interruptions, but there is prohibition of such evidence to establish renunciation when prescription has already run."

The evidence should have been received.

Judgment reversed, and cause remanded for trial in accordance with the views herein expressed, appellee to pay costs of appeal and costs of the lower Court to await final determination of the cause.